# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| LISA LEE SHAW, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:17-CV-64-MSH |
| | : Social Security Appeal |
| NANCY A BERRYHILL, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's applications for Supplemental Security income finding that she is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Lisa Lee Shaw applied for supplemental security income on September 11, 2012, alleging she became disabled to work on August 1, 2012. Her claim was denied initially on April 17, 2013, and on reconsideration on July 12, 2013. Plaintiff filed a written request for an evidentiary hearing before an administrative law judge ("ALJ") on September 4, 2013. A hearing was conducted on April 29, 2015. Tr. 15. On November 3, 2015, the ALJ issued a "partially favorable" decision finding Plaintiff disabled as of November 27, 2014. Finding 12, Tr. 25.

## STATEMENT OF FACTS AND EVIDENCE

Plaintiff seeks judicial review of the Commissioner's final decision which declared her disabled to work as of November 27, 2014, instead of her alleged onset of disability date of August 1, 2012. In his step-two analysis of Plaintiff's claim, the ALJ found her to have the severe impairments of cyclic vomiting disorder, gastroparesis, ulcerative colitis, gastroesophageal reflux disease, agoraphobia with panic disorder, dissociative reaction disorder, major depressive disorder, obsessive compulsive disorder and opioid dependence as of her alleged disability date of August 1, 2012. Finding 2, Tr. 17. The ALJ also found that Plaintiff—as of November 27, 2014—had the severe impairments of diabetes mellitus, migraine headaches, and chronic obstructive pulmonary disorder. *Id*. At step three, the ALJ determined that as of the alleged disability date these impairments, considered both alone and in combination with one another, neither met nor medically equaled a listed impairment set forth in 20 CFR Part 404, Subpart P, Appendix 1. Finding 3, Tr. 18. He then formulated a residual functional capacity assessment ("RFC") which found Plaintiff

able to engage in a restricted range of light work prior to November 27, 2014. Findings 3, 4, Tr. 18-19. He also found, however, that after November 27, 2014, she would be limited to a restricted range of sedentary work that precluded her from engaging in substantial gainful activity. Findings 5, 11, Tr. 22-23, 25-26.

## DISCUSSION

While Plaintiff raises several issues on appeal, her contention that the ALJ selected an arbitrary date as the onset of her disability has merit. Nothing in the record establishes November 27, 2014, as the actual date upon which Plaintiff's impairments prevented her from working. There is no medical record from that day or month, nor is there an opinion by a medical source, a diagnosis or objective test, or anything else that provides substantial evidence for the ALJ's finding that Plaintiff became disabled on November 27, 2014. The Court notes the Commissioner's argument that Plaintiff was hospitalized on January 2, 2015, due to her cyclic vomiting disorder and told her care provider that she experienced worsening symptoms beginning on Thanksgiving of 2014. However, the ALJ did not offer that rationale to support finding November 27, 2014, as the disability onset date. Neither the Commissioner nor the Court can employ post-hoc rationalization to support an ALJ's conclusions. *Owens v. Heckler,* 748 F.2d 1511, 1516 (11th Cir. 1984).

In Social Security Ruling 83-20 the Commissioner provided guidance to ALJs in deciding the onset of disability date. SSR 83-20, 1983 WL 31249 (Jan. 1, 1983). Generally, the onset date alleged by the claimant should be used if it is consistent with the available evidence. *Cliett v. Colvin,* No. 5:13-cv-433-MSH, 2014 WL 7384089, at *4 (M.D. Ga. Dec. 29, 2014). At step two, the ALJ found that Plaintiff had additional severe

impairments as of November 27, 2014, but the record as a whole shows that the majority of her severe impairments existed as of her alleged onset date of August 1, 2012.  Record evidence also shows that the cyclic vomiting disorder and other gastrointestinal maladies were the cause of the vast majority of her clinical presentations for treatment and hospitalizations.  The ALJ found these to be severe impairments as of her alleged onset date.  What caused him to find that these impairments did not become disabling until November 27, 2014, is unclear.  The Court declines to resolve the issue for the Commissioner and instead will rely on her to do so on remand.  Accordingly, this case is hereby remanded for further administrative proceedings.

    SO ORDERED, this 26th day of March, 2018.

                                                /s/ Stephen Hyles
                                                UNITED STATES MAGISTRATE JUDGE