# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

LISA LEE SHAW,

    Plaintiff,

v.

NANCY A BERRYHILL,
Commissioner of Social Security,

    Defendant.

CASE NO. 3:17-CV-64-MSH
Social Security Appeal

## ORDER

Pending before the Court is Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA") (ECF No. 22). On March 26, 2018, the Court entered an order remanding this case to the administrative level for further proceedings (ECF No. 20). On June 25, 2018, Plaintiff filed a motion for attorney's fees under a provision of the EAJA, 28 U.S.C. § 2412(d) (ECF No. 22). Plaintiff seeks attorney's fees in the amount of $11,455.94, to be paid to Plaintiff's counsel. The requested fee award for attorney work hours consists of $193.92 per hour for 14.5 hours of work by Howard D. Olinsky, 38.3 hours of work by Nathaniel Riley, and 0.5 hours of work by Edward A. Wicklund. Olinsky Aff. 2, ECF No. 23; Olinsky Aff. Ex. B, ECF No. 23-2. According to counsel, the hourly rate of $193.92 is based on the First Half of 2017 Consumer Price Index ("CPI") hourly rate. Olinsky Aff. Ex. A, ECF No. 23-1. Plaintiff also requests $100 per hour for 11.2 hours of work by Mr. Olinsky's paralegals and $581.76 in attorney's fees for the time spent

responding to the Commissioner's objections to the motion for attorney's fees. Olinsky Aff. 2; Pl.'s Reply 4, ECF No. 29.

The Commissioner objects to the motion. She argues: 1) The work of Nathaniel Riley should be billed at the same rate as a paralegal; 2) The paralegal rate should be reduced to $95.00 per hour; and 3) The number of hours billed is excessive.

## DISCUSSION

The EAJA provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses…incurred by that party in any civil action…brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Awards of attorney's fees shall be based on prevailing market rates for comparable services. 28 U.S.C. § 2412(d) (2)(A). However, fees in excess of $125 per hour shall not be awarded "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id*.

Plaintiff is the prevailing party in this case.

**I.      Hourly Rate of Nathaniel Riley**

The Commissioner argues that the hours worked by Nathaniel Riley should be billed at the customary rate for a paralegal because Mr. Riley is neihter admitted to practice in Georgia, nor admitted *pro hac vice* in this case. The Commissioner cites the local rules which require that an attorney appearing as counsel before this Court meet one of those requirements. M.D. Ga. Loc. R. 83.1.1(b); M.D. Ga. Loc.

R. 83.1.2(c). Def.'s Resp. 3-4. She also cites cases from the Middle District of Florida in which the hourly fees of attorneys not admitted to practice before the court were reduced to those of a paralegal. However, in each of those cases, the courts' rulings were based on what was deemed an abuse of the privilege to practice by non-admitted attorneys. *Bumgardner v. Commissioner of Soc. Sec.*, No. 6:12-cv-18-Orl-31TBS, 2014 WL 5426538, at *2 (M.D. Fla. Oct. 22, 2014) (citing M.D. Fla. R. 2.02(a) which bars appearance of non-admitted attorney who has abused the privilege); *Riggins v. Astrue*, No. 3:09-cv-856-TEM, 2011 WL 2119338, at *2-3 (M.D. Fla. May 27, 2011) (citing "pattern" by attorney of practicing without admission to the Florida bar or *pro hac vice* admission). Here, the Commissioner has made no showing that there has been any abuse by Mr. Riley.

Moreover, the U.S. Circuit Court of Appeals for the Eleventh Circuit has held that while a district court may use its discretion to reduce the hourly rate of a non-admitted attorney to that of a paralegal, it is not required to do so. *See Zech v. Comm'r of Soc. Sec.*, 680 F. App'x 858, 860 (11th Cir. 2017) (per curiam). In this district, U.S District Judge Hugh Lawson previously declined the Commissioner's request that the hourly rate for a non-admitted attorney be reduced to that of a paralegal. *Golden v. Astrue*, No. 7:10-cv-138-HL, 2012 WL 2343899, at *3 n.1 (M.D. Ga. June 20, 2012).[1] This Court similarly declines the Commissioner's request.

---

[1] Judge Lawson's order in *Golden* does not summarize the Commissioner's grounds for seeking a reduction of the hourly rate. However, "a court may take judicial notice of its own records." *U.S. v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987). A review of the Commissioner's response in

3

## II. Hourly Rate for Paralegals

The Commissioner objects to the $100 hourly rate requested by Plaintiff for paralegals and instead suggests a rate of $95. Def.'s Resp. 4. She cites two Middle District of Georgia cases where such rate was deemed reasonable. *See In re Mentor Corp. ObTape Transobturator Sling Prod. Liab. Litig.*, No. 4:12-cv-176, 2016 WL 6393589, at *4 (M.D. Ga. Oct. 25, 2016); *News v. Chapman*, No. 3:12-cv-00125, 2015 WL 5722797, at *6 (M.D. Ga. Sept. 29, 2015). Plaintiff responds by citing another case from this district in which $100 per hour was deemed reasonable. *See Georgia State Conf. of NAACP v. Hancock County Bd. Of Elections and Registration*, No. 5:15-cv-00414-CAR, 2018 WL 1583160, at *7 (M.D. Ga. Mar. 30, 2018). In a case out of the Athens Division, U.S. Chief District Judge Clay Land approved an hourly rate of $100 for paralegals. *See Oconee School District v. A.B.*, No. 3:14-cv-72-CDL, 2016 WL 93850, at *2 (M.D. Ga. Jan. 7, 2016). This Court finds an hourly rate of $100 is reasonable.

## III. Number of Hours Billed

The Commissioner also argues that the number of hours billed is excessive based on the typical attorney work time in EAJA cases and the "extremely narrow approximately two-year time period" between the time Plaintiff applied for Supplemental Security Income benefits and when she was found disabled. Def.'s Resp. 5. She requests that the number of hours be reduced from 64.5 to 50 hours. *Id.* Plaintiff responds by pointing out that the record in this case was 2,680 pages and, because it involved a

---

that case reveals that it was premised on the attorney not be being admitted to practice before the court. Commissioner's Opp'n. to Pl.'s Mot. for Atty's Fees at 6-8, *Golden v. Astrue*, No. 7:10-cv-138-HL (M.D. Ga. July 13, 2011).

partially favorable decision, a complete review of the record was necessary to prepare an argument as to why the disability onset date chosen by the Administrative Law Judge ("ALJ') was arbitrary.  Pl's Reply 3-4, ECF No. 29.  Nevertheless, Plaintiff agrees that the time credited for writing the reply to the Commissioner's brief in support her decision should be reduced from 9.9 to 4.0 hours.  *Id*. at 4.  She concedes that Mr. Riley leaving the firm when the reply was written and Mr. Olinsky having to review the record and all previous briefing does not justify the extra time being charged to Commissioner.  *Id*.

The Court agrees that the hours credited to Plaintiff's attorneys for preparing the reply brief should be reduced to 4.  Regarding the remaining EAJA hours, the Court agrees with Plaintiff that this was not a typical case and finds any further reduction unwarranted.  Therefore, the Court reduces the number of attorney hours from 53.3 to 47.4.  Thus, the amount of attorney's fees for attorney work hours is $9,191.80.

### IV.   Hours Spent Preparing Reply to Commissioner's Response to Motion for Attorney's Fees

Plaintiff request attorney's fees in the amount of $581.76 for the time spent preparing a reply to the Commissioner's response to her motion for attorney's fees.  *Id*.  However, Plaintiff has admitted that the total number of attorney work hours should be reduced.  Further, due to the different approaches taken by district courts in regards to hourly rates for non-admitted attorneys, the Court finds that Commissioner's position on this issue was substantially justified.  28 U.S.C. § 2412(d)(1)(A); *See Kurapti v.U.S. Citizenship and Immigration Servs.*, 700 Fed. App'x 974, 976 (11th Cir. 2017) (per curiam) ("A position of the United States is substantially justified if it is 'justified to a

degree that could satisfy a reasonable person'" (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))). Therefore, the Court declines to award attorney's fees for the time expended by Plaintiff's attorneys in preparing a reply to the Commissioner's response to her motion.

**V.     Waiver of Direct Payment**

Counsel for Plaintiff has attached an Affirmation and Waiver of Direct Payment of EAJA Fees executed by Plaintiff and providing for payment directly to counsel. Olinsky Aff. Ex. E, ECF No. 23-5. In *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010), the United States Supreme Court confirmed that EAJA fees are payable to litigants, not counsel, and therefore are subject to offset where a litigant has outstanding federal debts, and therefore the Court accepts the waiver of direct payment subject to the United States Department of Treasury's determination that Plaintiff holds no federal debt.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Attorney's Fees under the EAJA (ECF No. 22) is granted in part and denied in part. Attorney fees in the amount of $10,311.80 are hereby awarded to Plaintiff, and may be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed.[2]

SO ORDERED, this 26th day of September, 2018.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[2] $9,191.80 for 47.4 attorney work hours plus $1,120.00 for 11.2 paralegal work hours.